Case 3:21-cv-00808-K   Document 1-3   Filed 04/07/21   Page 1 of 5   PageID 12

FILED
3/5/2021 3:11 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-00840-A

| | | |
|---|---|---|
| ANA NUNEZ LOPEZ § | | IN THE COUNTY COURT |
| Plaintiff, § | | |
| § | | |
| § | | |
| § | | |
| VS. § | | COURT AT LAW NO.____ |
| § | | |
| § | | |
| § | | |
| FIESTA MART, LLC § | | |
| Defendant. § | | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ANA NUNEZ LOPEZ**, hereinafter referred to as "Plaintiff", complaining of and about Defendant, **FIESTA MART, LLC**, hereinafter referred to as "Defendant", and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Discovery shall be conducted as a Level 2 case pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff is a resident of McKinney, Collin County, Texas. The last three numbers of her social security number are xxx-xx-x044.

Defendant **FIEST MART, LLC** is a limited liability corporation doing business in the State of Texas and can be served with process by serving its registered agent, CT Corporation at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201, for which let execution issue.

---

PLAINTIFF'S ORIGINAL PETITION     PAGE 1 OF 5

## EXHIBIT C

## III.
## JURISDICTION AND VENUE

The court has jurisdiction over this lawsuit because the amount in controversy exceeds this court's minimum jurisdictional requirements. Plaintiff seeks monetary relief over $100,000 but not more than $250,000. This monetary relief requests is pled to comply with Tex. R. Civ. P. 47 and is not a limit on the damages Plaintiff may recover. As the case proceeds through trial, Plaintiff may amend this request for relief as allowed by the Texas Rules of Civil Procedure.

Venue is proper in Dallas County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## STATEMENT OF FACTS

At all material times, Defendant was responsible for the maintenance and cleaning at Fiesta Mart, LLC.

Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant had the exclusive right to control the property on which Plaintiff was injured.

Plaintiff was an invitee at the time the injury occurred. Plaintiff went to the super market's premises for the mutual benefit of herself and Defendant, and at the invitation of Defendant.

At the time of the events in question, Defendant owed Plaintiff a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent and patent defects, and to make safe any defects or give adequate warning of any dangers.

On or about October 10, 2019, Plaintiff was a guest at Fiesta Mart, LLC when she slipped and fell on a liquid substance on the floor.

## V.
## CAUSE OF ACTION FOR PREMISES LIABILITY

At all material times, Defendant, itself or acting through its administrative personnel, agents and employees, created an unreasonable risk or harm on the premises of which it knew or should have known, and failed to use reasonable care to correct or warn Plaintiff of the condition. As a proximate result of Defendant's negligence, Plaintiff suffered the serious personal injuries complained of herein.

## VI.
## NEGLIGENCE

Because Plaintiff was an invitee at the time of injury, Defendant owed her a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects and to make safe any defects or give an adequate warning of any dangers.

Defendant's conduct and that of any agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendant knew or should have known that the condition on the premises created an unreasonable risk of harm to invitees. Defendant failed to exercise ordinary care to reduce or eliminate the risk, or warn invitees regarding unreasonable risk or harm to invitees. Specifically, Defendant breached its duty in one or more of the following ways:

   a. Failing to inspect the premises on a regular basis;
   b. Failing to correct or warn of the dangerous conditions created by water on the slippery floor;
   c. Failing to place signs and warning invitees;
   d. Failing to provide adequate instructions to invitees to avoid injury;
   e. Failing to exercise reasonable care in establishing and maintaining a hazard free location and environment;
   f. Failing to provide a safe walking surface;
   g. Failing to instruct or train its agents, servants, and employees to maintain a hazard fee environment; and
   h. Failing to supervise its agents, servants, and employees to ensure the safety of invitees.

Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

## VII.
## DAMAGES

As a result of this incident and the negligence of Defendant, Plaintiff sustained injuries to her body in the past, and she will continue to suffer such injuries in the future. With these injuries, Plaintiff has suffered mental and physical pain and distress in the past, and will continue to suffer physical pain and distress in the future. For these past and future injuries and damages, Plaintiff sues in an amount within the jurisdictional limits of this Court.

As a result of this incident and the negligence of Defendant, Plaintiff suffered physical impairment and disfigurement in the past, and she will continue to suffer physical impairment in the future.  For these past and future injuries and damages, Plaintiff sues in an amount within the jurisdictional limits of this Court.

As a result of this incident and the negligence of Defendant, Plaintiff suffered impaired earning capacity in the past, and she will continue to suffer impaired earning capacity in the future. For these past and future damages, Plaintiff sues in an amount within the jurisdictional limits of this Court.

As a result of this incident and the negligence of Defendant, Plaintiff has incurred numerous doctors, hospital and other miscellaneous medical expenses in the past, and will continue to incur numerous medical expenses in the future. For these past and future damages, Plaintiff sues in an amount within the jurisdictional limits of this Court.

Further, as a result of this incident and the negligence of Defendant, Plaintiff suffered extreme emotional and mental trauma from the contemporaneous perception of injuries. For these damages, Plaintiff sues in an amount within the jurisdictional limits of this Court.

## PRAYER

Plaintiff pleas and prays for prejudgment interest on all sums awarded by the jury herein as allowed at common law and by statute.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Defendant be cited to appear and answer and that, on final trial, Plaintiff, have and recover damages in the amount for;

1. Pre-judgment and post-judgment interest as provided by law;

2. Cost of Court;

3. Past and future medical expenses;

4. Past and future physical pain and suffering;

5. Past and future physical impairment;

6. Past and future mental anguish; and

7. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*LAW OFFICES OF CHRIS GARCIA, P.C.*

_____
Christopher R. Garcia
Bar Card No. 24000140

407 North Cedar Ridge Drive, Suite 300
Duncanville, Texas 75116
Telephone: (214) 522-4878
Facsimile: (214) 522-5060
Email: chris@chrisgarciapc.com

**ATTORNEY FOR PLAINTIFF**